IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**LEE GORDON LAMB,**

       Petitioner,

v.

**CHRISTINE POPOFF**, Superintendent,
Oregon State Correctional Institution,

       Respondent.

No. 6:17-cv-00322-JR

OPINION AND ORDER

**MOSMAN, J.,**

On February 1, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R) [48], recommending that I deny Petitioner's Petition for Writ of Habeas Corpus [2], dismiss this action, and deny a Certificate of Appealability. Petitioner filed Objections to the F&R [50] and Respondent filed a Response to Petitioner's Objections [51].

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Petitioner filed a Petition for Writ of Habeas Corpus [2] alleging ineffective assistance of counsel. Petitioner initially alleged that her trial counsel failed to file an adequate motion to suppress and failed to file a demurrer to her original indictment. In her Brief in Support of Petitioner for Habeas Corpus [43] Petitioner only addressed the first claim regarding the motion to suppress. Respondent argued that the PCR court's decision deserves deference and that Petitioner failed to meet her burden of proof on the second claim not addressed in her Brief.

The F&R recommends that I deny the Petition for Writ of Habeas Corpus based on Petitioner's failure to demonstrate that her trial counsel's representation fell below an objective standard of reasonableness, or to demonstrate a reasonable probability that the motion to suppress would have been granted had her counsel made an unlawful extension argument.

Petitioner disagrees, arguing that authority existed at the time of her trial to make the unlawful extension argument in the motion to suppress. Petitioner also argues that evidence that she was calm and compliant contradicts evidence the PCR court relied on in finding Petitioner would likely have been searched regardless of the officer's questioning. I disagree.

Judge Russo correctly applied the doubly deferential standards required when a federal court examines a state court's ruling on ineffective assistance of counsel. Petitioner has not demonstrated that her counsel's failure to make an argument of unlawful extension fell below an objective standard of reasonableness. Nor has Petitioner shown that the evidence she was calm and compliant would have resulted in a reasonable probability that the motion to suppress would have been granted.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [48] as my own opinion. Petitioner's Petition for Writ of Habeas Corpus [2] is DENIED, this action is DISMISSED, and a Certificate of Appealability is denied.

IT IS SO ORDERED.

DATED this 4th day of April, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge